STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. FREDERICK STATEN, DEFENDANT-APPELLANT.

Argued March 6, 1973—Decided April 4, 1973.

*Mr. Edward P. Hannigan,* Assistant Deputy Public Defender, argued the cause for the defendant-appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney; *Mr. Edward P. Hannigan* on the brief).

*Mr. Steven E. Pollan,* Deputy Attorney General, argued the cause for the plaintiff-respondent (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney; *Mr. Steven E. Pollan* on the brief).

PER CURIAM. A jury found defendant guilty in July 1971 of unlawful possession and distribution of heroin (*N. J. S. A.* 24:21–20 and *N. J. S. A.* 24:21–19), violations of the Controlled Dangerous Substances Act. *N. J. S. A.* 24:21–1 *et seq., L.* 1970, *c.* 226. He was sentenced to a term of two to three years for possession and three to five years for distribution, the terms to be served concurrently. At the time of sentencing defendant admitted, as charged by the State in an accusation pursuant to *N. J. S. A.* 2A:85–13, that he

had previously been convicted in 1970 for two consolidated offenses of unlawful possession of heroin for which he had served an indeterminate term.

Subsequently, defendant filed a timely motion for modification of sentence. See R. 3:21–10(a). He requested that he be permitted to undergo a course of treatment at Discovery House, a drug rehabilitation center at the Marlboro State Hospital instead of serving his sentence in State Prison.

At the hearing on the motion a representative of Discovery House testified that he believed the defendant would be a suitable candidate for the treatment program. The State indicated that it had no objection to the transfer of defendant to Discovery House if the court determined that it had authority to so modify the sentence. After noting that defendant had evidently been introduced to heroin while serving in the Marine Corps in Vietnam, the trial judge also stated his belief that the defendant would benefit from the treatment program. Nevertheless, the court concluded that because defendant was not a first offender it was without statutory authority to suspend sentence on the condition that defendant complete the treatment program. The court stated that it believed that a part of N. J. S. A. 2A:168–1, which deals generally with the power of the court to suspend sentence and grant probation, prohibited suspension of defendant's sentence. That part of the statute reads:

"* * * The provisions of this section shall not permit the suspension of the imposition or execution of any sentence and the placing of the defendant on probation after conviction or after a plea of guilty or non vult for violation of any provision of chapter eighteen of Title 24 of the Revised Statutes except in the case of a first offender."

The court recognized that N. J. S. A. 2A:168–1 refers to offenders convicted under "chapter eighteen of Title 24 of the Revised Statutes" — the Uniform Narcotic Drug Law — and that this law was repealed with the passage of the Controlled Dangerous Substances Act, effective October 19, 1970.

N. J. S. A. 24:21–45. However, the court concluded that the Legislature's failure to amend N. J. S. A. 2A:168–1 to refer to offenders convicted under the Controlled Dangerous Substances Act was simply an oversight, and that the Legislature intended to preclude suspended sentences for subsequent offenders of the new law. The defendant's motion for reconsideration of sentence was therefore denied by the court. On defendant's appeal, the Appellate Division affirmed in an unreported opinion. We granted certification, 62 N. J. 573 (1972), to consider whether the provision in N. J. S. A. 2A:168–1 which prohibits the suspension of sentences for subsequent offenders under the now repealed Uniform Narcotic Drug Law also applies to offenders convicted under the Controlled Dangerous Substances Act.

N. J. S. A. 2A:168–1 on its face applies to subsequent offenders convicted under the old Uniform Narcotic Drug Law. The State argues before us, however, that the failure to amend N. J. S. A. 2A:168–1 was inadvertent, and that we should assume that the Legislature intended to apply the prohibition to sentences under the Controlled Dangerous Substances Act. We conclude that it is unclear whether the Legislature intended the prohibition against suspended sentences to apply to the Controlled Dangerous Substances Act, and consequently we decline to infer such legislative intent without further direction from the Legislature.

█ The Uniform Narcotic Drug Law was amended in 1951 to provide for minimum and maximum terms of imprisonment for first, second and third offenders. L. 1951, c. 56, N. J. S. A. 24:18–47. That part of N. J. S. A. 2A:168–1 prohibiting suspended sentences for subsequent offenders was added to the statute in 1952, L. 1952, c. 267, and was approved subsequent to a report of a legislative commission which had recommended that "second and third offenders should receive mandatory sentences with no probation, parole or suspension of sentence permitted." *Report of the Study and Recommendations of the Legislative Commission to Study Narcotics* (1952) at p. 9. In amending N. J. S. A.

2A:168–1 to prohibit suspension of sentences for subsequent offenders, it is therefore clear that the Legislature was implementing a policy that subsequent offenders should serve at least the substantial minimum terms[1] provided under the Uniform Narcotic Drug Law.

However, with the enactment of the Controlled Dangerous Substances Act the Legislature has shown a desire to give the sentencing judge greater flexibility than he had under the old law. There is no provision for mandatory minimum sentences for either first offenders or subsequent offenders. *N. J. S. A.* 24:21–19, 24:21–20. Instead, the Legislature has provided with certain exceptions noted *infra,* that the maximum term of imprisonment and maximum fine for a subsequent offender may be twice that authorized for a first offender. *N. J. S. A.* 24:21–29. Since there is no longer any required minimum term, a finding that the Legislature intended *N. J. S. A.* 2A:168–1 to prohibit suspension of sentences under the Controlled Dangerous Substances Act would require a sentencing judge to impose a custodial sentence, but then permit him if he believed it appropriate to set a sentence of a nominal length, such as a day, a week or a month. The incongruity of such a sentencing scheme suggests that we should not impute such an intention without a clearer expression of legislative will.

We should also point out that in contrast to the Uniform Narcotic Drug Law which applied only to "narcotic" drugs, the Controlled Dangerous Substances Act covers in addition to "narcotic" drugs a wide range of "controlled dangerous substances," which are listed and classified in the statutory provisions in five "schedules," according to their relative potential for abuse. *N. J. S. A.* 24:21–5 to 24:21–8.1. The Legislature has provided prison terms and fines which vary according to the schedule in which a substance is placed. It

[1]*L.* 1951, *c.* 56 provided, *inter alia,* for the imposition of a minimum term of five years for a second offender and ten years for a third offender.

has exempted from the double maximum penalty provided in *N. J. S. A.* 24:21–29 those subsequent offenders who are convicted of being under the influence of a controlled dangerous substance or possessing substances classified as having relatively low potential or abuse. See *N. J. S. A.* 24:21–8.1; 24:21–20a(2), (3), b; 24:21–29(a).

▮▮ The Legislature has thus indicated a desire to distinguish among subsequent offenders according to the nature of their offense as classified in the Controlled Dangerous Substances Act. Accordingly, it seems unlikely that the lawmakers would have intended the prohibition of suspended sentences in the relevant part in *N. J. S. A.* 2A:168–1 — originally enacted to apply to offenses involving "narcotic" drugs under the old law — to apply automatically to all subsequent offenses involving the wide range of "controlled dangerous substances" under the new law. In any event, we believe that substantial doubt is cast on the legislative intention to have *N. J. S. A.* 2A:168–1 apply to the broad scope of "controlled dangerous substances" convictions under the new law. Under these circumstances, we think that the better course is to await legislative action, and we are informed that a bill is now pending which would clarify the legislative intention with regard to the sentencing of subsequent offenders.

We hold that the part of *N. J. S. A.* 2A:168–1 prohibiting suspended sentences for subsequent offenders under the repealed Uniform Narcotic Drug Law does not restrict the discretion of the trial judge in sentencing for convictions under the Controlled Dangerous Substances Act. The judgment of the Appellate Division is reversed and the cause is remanded to the trial court for reconsideration of defendant's motion for modification of sentence.

For reversal and remandment—Chief Justice WEINTRAUB, Justices JACOBS, PROCTOR, HALL, MOUNTAIN, and SULLIVAN, and Judge CONFORD—7.

*For affirmance*—None.